### WHITEHORN v. BUSBY.

No. 16408—Opinion Filed Sept. 15, 1925.

(Syllabus.)

**Appeal and Error — Case-Made—Invalidity of Settlement Out of Time.**

Where notice is given of time and place for settling and signing case-made and the same is not presented on that day, but is presented 18 days later, without further notice or waiver of the same, and is settled and signed on that day, case-made is a nullity and confers upon this court no jurisdiction.

Error from District Court, Tulsa County; Edwin R. McNeill, Judge.

Action by Eva C. Busby, against John Whitehorn, by his guardian, W. L. Ridgeway. Judgment for plaintiff, and defendant appeals. Dismissed.

Sturgell & Cornett, for plaintiff in error.

T. L. Brown and Phil. W. Davis, Jr., for defendant in error.

PER CURIAM. This case is appealed from the district court of Tulsa county, and defendant in error moves the court to dismiss the appeal upon the ground that she had no notice of time and place case-made would be presented to the trial judge for settlement and signature. On the 13th day of April, 1925, notice was served on counsel for defendant in error that on the 20th day of April, 1925, plaintiffs in error would present case-made to the trial judge for signature and settlement. Case-made was not presented on this day, but was presented on the 8th day of May, 1925 without any further notice, and was settled and signed on this day.

Case-made not having been presented on April 20, 1925, and no further notice having been given or waived, the signing and settling of the same on May 8, 1925, is a nullity and confers upon this court no jurisdiction to review the case on appeal. Baker & Lockwood Mfg. Co. v. Voorhees et al., 63 Okla. 283, 165 Pac. 125.

The appeal is dismissed.

Note.—See under (1) 4 C. J. p. 345, § 1984 (Anno).